## JOHNSON v. ACCIDENT INS. CO. OF NORTH AMERICA.

*(Circuit Court, W. D. Michigan. June 19, 1888.)*

REMOVAL OF CAUSES—PROCEDURE AFTER REMOVAL—PLEA IN ABATEMENT TO PETITION FOR REMOVAL.

A plea in abatement to a petition to remove a case from a state to a federal court will not be tested by technical rules, but it is sufficient if it sets out fairly and with sufficient certainty matters of fact which, if true, negative the jurisdiction of the federal court.[1]

At Law. On demurrer.

Action brought by Gertie Johnson in a state court against the Accident Insurance Company of North America. The cause was then removed to the circuit court of the United States for the Western district of Michigan on a petition of the defendant alleging that plaintiff was a citizen of the state of Michigan, and defendant a corporation organized and existing under the laws of the dominion of Canada. Plaintiff then filed the following plea, in the nature of a plea in abatement, to the petition:

"And the said Gertie Johnson, plaintiff in this suit, by Wheeler, Bishop & Blodgett, her attorneys, comes, and prays judgment of the said defendant's petition for the removal of this cause from the circuit court for the county of Mason, state of Michigan, to this court, and whether this court will further retain jurisdiction of this cause, because she says that, at the time and before the commencement of her said action in the said circuit court for the county of Mason, she, the said plaintiff, was a citizen of Finland, and a subject of the czar of Russia, and that she never was a citizen of the state of Michigan, nor a citizen of any of the states or territories of the United States; and, further, that the said defendant, at the time of the commencement of said suit as aforesaid, and ever since, has been and now is a foreign corporation formed and existing under and by virtue of the laws of the dominion of Canada, as appears from said defendant's petition for the removal of this cause to this court; and this the said Gertie Johnson is ready to verify. Wherefore she

---

[1] As to pleading and procedure on removal of causes, see Railroad Co. v. Ford, *ante*, 170; Larson v. Cox, (Kan.) 18 Pac. Rep. 892, and note.

prays judgment as aforesaid, and that this cause may be remanded to said circuit court for the county of Mason.　　　　　　　GERTIE JOHNSON.

"WHEELER, BISHOP & BLODGETT, Attorneys for Plaintiff."
(Duly verified.)

To this plea defendant filed the following demurrer:

"And the said defendant, by Baker & Clark, its attorneys, saith that the said plaintiff's plea to this court's further retaining jurisdiction of said cause, and the matter in said plea contained, in manner and in form as the same are therein pleaded and set forth, are not sufficient in law to entitle said plaintiff to judgment upon said defendant's petition, (for the removal of said cause to this court,) and for the remanding of said cause to the circuit court for the county of Mason, and that the said defendant is not bound by the law of the land to answer the same; and this it is ready to verify,　And the said defendant states and shows to the court the following causes of demurrer to the said plaintiff's plea, viz.: (1) Because the said plea of the said plaintiff to the jurisdiction of this court is not pleaded by said plaintiff in her own proper person, but by her attorneys; (2) because the said plaintiff's said plea states no new material matter as facts not contained in defendant's petition, except in contradiction to averments in said petition contained, and hath not concluded her said plea by putting herself upon the country; (3) because it does not appear from said plea that the circuit court for Mason county has jurisdiction of said cause, or of the parties thereto; (4) because it does not appear from said plea what court has jurisdiction of said cause, and over the parties thereto; (5) because it appears from said plea that the circuit court for Mason county has not jurisdiction of said cause, and of the parties thereto; (6) because it is not made to appear by said plea that the circuit court for Mason county has jurisdiction over the subject-matter of said suit, and has obtained jurisdiction over the parties thereto; and also that said plea is in other respects uncertain, informal, and insufficient.　Wherefor, by reason of the insufficiency of said plea in this behalf, the said defendant prays for judgment that this court further retain jurisdiction of this cause.

"BAKER & CLARK, Attys. for Deft."

*Wheeler, Bishop & Blodgett,* (*Fletcher & Wanty,* of counsel,) for plaintiff.
*Baker & Clark,* for defendant.

SEVERENS, J., (*orally.*) This cause was instituted in a state court, and was thence removed upon the petition of the defendant, setting forth, among other things, that, at the time of the commencement of this suit, the plaintiff was a citizen of the state of Michigan, and the defendant a corporation organized and existing under the laws of the dominion of Canada, having its principal office in said dominion, and being, within the meaning of the acts of congress, a citizen of the said dominion of Canada. In due season the transcript was filed in this court, and within a short time thereafter the plaintiff applied to the court, by motion, (based upon affidavits designed to establish the fact that she had never been a citizen of the state of Michigan, but, on the contrary, had always been an alien, and a subject of the czar of Russia,) for an order remanding the cause to the state court.　Upon the hearing of that application, I ruled that the disputed question of citizenship, disclosed by the petition for removal and the affidavits just referred to, could not properly be determined upon motion, nor be tried upon affidavits; and I then indicated to counsel some of the various methods of procedure in such cases which had

been approved by the federal courts, including that of filing a plea in the nature of a plea in abatement to the petition for removal. Leave was then given the plaintiff to present the question thereafter in any appropriate way. Subsequently, the plaintiff, acting pursuant to such leave of court, filed in this cause her plea in the nature of a plea in abatement to said petition for removal, setting forth therein substantially the same allegations concerning her citizenship as those contained in the affidavits filed in support of her motion to remand. The defendant has demurred to that plea; the plaintiff has filed in the cause a joinder in demurrer; and the legal questions as to the sufficiency of the pleadings involved have been submitted to me by counsel for the respective parties upon briefs. In behalf of the defendant it is urged that the plea is not sufficient in matters of form when tested by the strict technical rules which at common law regulated pleas in abatement. I do not deem it necessary to determine whether or not this contention is well founded, for I am satisfied that this plea should not be tested by such rules. It is not such a pleading as should be looked upon with disfavor by the court, but is one which simply tenders an issue upon a material question of fact; and it fairly and with sufficient certainty sets forth allegations as to matters of fact which, if proven, would clearly negative the jurisdiction of this court. The function which such a plea performs is a substantive one, designed only for bringing forward an issue of fact in which the other party may join, and so a trial be had. An order overruling the demurrer must therefore be entered. An opportunity, however, should be given the defendant to accept the issue tendered. Ten days will be allowed in which the allegations of the plea as to the citizenship of the plaintiff may be traversed. In default thereof an order will be entered remanding the cause.